# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| RICKY A. CARUTHERS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | No. 3-13-00814<br>Senior Judge Haynes |

## MEMORANDUM

Petitioner, Ricky A. Caruthers, filed this action under 28 U.S.C. § 2241 seeking release from custody, alleging that he has exceeded his statutorily authorized term of imprisonment. Citing Descamps v. United States, 133 S. Ct. 2276 (2013), Petitioner contends that he was erroneously sentenced as an Armed Career Criminal under 18 U.S.C. § 942(e) and therefore, by statute, should not have been sentenced to more than 10 years of imprisonment, which he has already served.

In response, Respondent contends that Petitioner is in incarcerated at the Federal Correctional Institute in Beaumont, Texas, that is located in the Eastern District of Texas, and therefore must seek redress under § 2241 in that judicial district that has jurisdiction over Petitioner's custodian.

### A. Procedural History

On February 26, 2004, a federal grand jury returned a single count indictment charging the Petitioner with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(e). (Criminal No. 3:04-cr-00025, Docket Entry No. 10, Indictment). On May 25, 2004, the Court conducted an evidentiary hearing on Petitioner's motion to suppress evidence and statements. (Criminal No. 3:04-cr-00025, Docket Entry No. 22). On June 7, 2004, the Court denied Petitioner's suppression motion. (Criminal No. 3:04-cr-00025, Docket Entry No. 24).

On October 13, 2004, Petitioner pled guilty to the one count indictment pursuant to a plea agreement, reserving his right to appeal the Court's Order denying his motion to suppress. (Criminal No. 3:04-cr-00025, Docket Entry Nos. 38 and 43). The plea agreement also included provisions raising the possibility that the Armed Career Criminal Act ("ACCA") would apply. United States v. Caruthers, 458 F.3d 459, 463 (6th Cir. 2006), cert. denied 549 U.S. 1088 (2006). At the February 7, 2005 sentencing hearing, the Court determined that based upon his three burglary convictions (two for third-degree burglary and one for second-degree burglary) and one drug conviction, Petitioner was an Armed Career Criminal under 18 U.S.C. § 924(e) and, therefore, subject to a mandatory minimum sentence of 15 years. (Criminal No. 3:04-cr-00025, Docket Entry Nos. 42 and 44); Caruthers, 458 F.3d at 463, 474. The Court sentenced Petitioner to the statutory mandatory minimum term of 180 months imprisonment, followed by five years of supervised release. (Criminal No. 3:04-cr-00025, Docket Entry No. 44).

Petitioner timely appealed the denial of his suppression motion, as well as his classification as an Armed Career Criminal, to the Sixth Circuit. (Criminal No. 3:04-cr-00025; Docket Entry No. 45). Petitioner argued that his burglary convictions did not constitute "violent felonies" under the ACCA and therefore his fifteen-year sentence exceeded the statutory maximum of ten years for an unenhanced conviction for being a convicted felon in possession of a firearm. Caruthers, 458 F.3d at 464. On January 25, 2006, the Sixth Circuit affirmed the Court's denial of Petitioner's suppression motion and his classification as an Armed Career Criminal, and on August 11, 2006, the Supreme Court denied Petitioner's petition for certiorari. Caruthers, 458 F.3d 459.

On June 11, 2007, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate his conviction and sentence, challenging the voluntariness of his guilty plea and the effectiveness of his counsel.

(Civil No. 3:07-cv-0635, Docket Entry No. 1). Respondent filed a response, and on February 12, 2008, the Court denied Petitioner's motion. (Civil No. 3:07-cv-0635, Docket Entry Nos. 18 and 19). Petitioner did not appeal.

## B. Conclusions of Law

Petitioner argues that Descamps announced a new rule of law that was made applicable to actions on collateral review and that he was wrongfully sentenced under the ACCA because "Descamps makes it clear that his third-degree burglary convictions categorically fail to qualify as 'violent felony' predicates." (Docket Entry No. 1 at 4). In Descamps, the Supreme Court, examining whether a state law burglary conviction qualified as a "violent felony" under the ACCA, held that the modified categorical approach could not be used for crimes qualifying as ACCA predicate offenses that have a single, indivisible set of elements. 133 S. Ct. at 2281-82. Petitioner asserts that "because he has already litigated one motion under 28 U.S.C. § 2255, he cannot litigate a second one even if based on this new rule of statutory law, and thus he can properly pursue relief through this petition filed under 28 U.S.C. § 2241." (Docket Entry No. 1 at 4).

"A federal prisoner must challenge the legality of his detention by motion under 28 U.S.C. § 2255, but may challenge the manner or execution of his sentence under 28 U.S.C. § 2241." Wooten v. Cauley, 677 F.3d 303, 306 (6th Cir. 2012). Yet, under the "savings clause" of § 2255, a federal prisoner may challenge his federal sentence by filing an application for a writ of habeas corpus under 28 U.S.C. § 2241 if § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); Wooten, 677 F.3d at 306-07. "Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the

3

petitioner has been denied permission to file a second or successive motion to vacate." Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (citations omitted). The petitioner has the burden to establish that the remedy under § 2255 is inadequate or ineffective. Id. Moreover, the petitioner must file a § 2241 motion in the district where he is confined. 28 U.S.C. § 2241(a); In re Gregory, 181 F.3d 713, 714 (6th Cir. 1999); Martin v. Perez, 319 F.3d 799, 802 (6th Cir. 2003).

Therefore, because Petitioner is confined in Texas (Docket Entry No. 2), the Court lacks jurisdiction over the instant motion. Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) ("District courts are limited to granting habeas relief 'within their respective jurisdictions.'") (quoting 28 U.S.C. § 2241(a)).

Petitioner requests that if the Court determines that it lacks jurisdiction to decide this action, then rather than dismissing the action, the Court should transfer this action in the interests of justice to the Beaumont Division of the Eastern District of Texas, pursuant to the transfer act, 28 U.S.C. § 1631. That section provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631.

The Court concludes that transferring this action to the Eastern District of Texas would not be in the interests of justice as there has been no indication that Fifth Circuit law would permit Petitioner to proceed under § 2241. See In re Jackson, 776 F.3d 292, 296 (5th Cir. 2015) ("Nothing

in Descamps indicates that its holding announced a new rule that was constitutionally based, and Descamps did not announce that its holding applied retroactively to cases on collateral review. . . . Descamps thus does not provide a basis for [the petitioner's] successive § 2255 motion."); Abdul Ali v. Carvajal, No. 15-30282, –F. App'x–, 2016 WL 3227308, at *1 (5th Cir. June 10, 2016) ("We have consistently held that challenges to the validity of a sentencing enhancement . . . do not satisfy the savings clause.") (citing Preston v. Ask-Carlson, 583 F. App'x 462, 463 (5th Cir. 2014) ("[C]laims relating to sentencing determinations do not fall within the savings clause and are not cognizable under § 2241, even where the petitioner asserts a 'miscarriage of justice' or actual innocence relating to the alleged sentencing errors.")); see United States v. Hawkins, 614 F. App'x 580, 582-83 (3d Cir. 2015) ("[T]he District Court could have considered whether transferring Hawkins's § 2241 petition to the proper forum would have been 'in the interest of justice.' 28 U.S.C. § 1631. We will not remand for that purpose because we see no indication that Sixth Circuit law would permit Hawkins to proceed under § 2241.").

Accordingly, the Court concludes that Petitioner's petition seeking a writ of habeas corpus should be denied and this action be dismissed without prejudice.

An appropriate Order is filed herewith.

**ENTERED** this the ___ day of September, 2016.

WILLIAM J. HAYNES, JR.
Senior United States District Judge